# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL HOFFMAN, #303-582 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-12-2178 |
| MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, et al. | * | |
| | * | |
| Defendants | * | |

\*\*\*

## **MEMORANDUM**

Plaintiff Michael Hoffman ("Hoffman") filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983. Defendants Ava Joubert and Colin Ottey ("Medical Defendants") by their attorneys filed a Motion to Dismiss, or in the Alternative for Summary Judgment. ECF No. 13. Defendants Maryland Department of Public Safety and Correctional Services ("DPSCS") and Maryland Division of Correction ("State Defendants") by their attorneys have also filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 20. Plaintiff has responded.[1] ECF Nos. 17, 23 & 25. Medical Defendants have replied. ECF No. 19. After

---

[1] Plaintiff, some four months after filing the Complaint and 44 days after the filing of the first dispositive motion, has filed a Motion to Amend Complaint. ECF No. 22. The Motion is opposed. ECF No. 24. Plaintiff seeks to amend the Complaint to add Corizon Health Inc. as a named Defendant. The Motion shall be denied. The amendment would be futile as Plaintiff has failed to allege any action on the part of Corizon. See e.g. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (dismissing cause of action against official where Plaintiff failed to allege any personal connection between the official and the denial of Plaintiff's constitutional rights.).

To the extent Plaintiff alleges that Corizon, and the State Defendants were responsible for overseeing medical staff, such a claim is based solely upon the doctrine of respondeat superior, which does not apply in § 1983 claims. See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit

review of the papers and applicable law, the Court determines that a hearing is unwarranted. See Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the dispositive motions will be GRANTED.

**Background**

Hoffman, an inmate currently confined at North Branch Correctional Institution ("NBCI"), filed the instant Complaint alleging that he has been denied adequate medical care for a back injury. ECF No. 1. Plaintiff claims that for over ten years he has suffered from lower back pain. He states that on January 15, 2012, he was advised by Rhonda Skidmoore, former Nursing Director at NBCI, that x-rays showed "bone spurs" between four of Plaintiff's vertebrae which were the cause of his pain. Plaintiff states nothing has been done, despite his repeated requests, to treat the bone spurs.

Plaintiff's uncontroverted medical records show that on January 12, 2012, Dr. Ottey prescribed Tylenol 500 mg x 30, effective January 20, 2012 to January 31, 2012. Baclofen was also ordered as needed from January 4, 2012 to May 4, 2012. ECF No. 13, Ex. A, Ex. B pp. 235, 237, 241. Plaintiff was also seen for complaints of back pain on February 25, 2012. ECF No. 20, Ex. 1, pp. 2-7.

On March 16, 2012, Dr. Joubert discontinued Baclofen after Plaintiff reported that it was ineffective in treating his back pain. Tramadol was prescribed to treat Plaintiff's back pain. ECF

---

authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001), citing Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Corizon or State Defendants that resulted in a constitutional injury.

No. 13, Ex. A, Ex. B, pp. 288-91. Plaintiff was again evaluated on March 21, 2012. Notes indicate that Plaintiff was to receive Baclofen and Indomethacin for pain. ECF No. 20, Ex. 1, p. 8. He was seen again on April 4, 2012, and it was noted that the pharmacy was to be consulted regarding Plaintiff's complaints of back pain. Id., p. 10.

On April 10, 2012, Plaintiff was seen by a Physician's Assistant. Plaintiff requested his prescription for Tramadol be increased. He indicated the medication was working but he wanted it doubled. He was in no apparent distress. The Physician's Assistant reviewed Plaintiff's medication, ordered they be continued, and also requested a pharmacological consultation regarding Plaintiff's medication. ECF No. 13, Ex. A, Ex. B, p. 241. The pharmacological consultation determined Plaintiff was receiving the maximum dose of Tramadol. Id. The following day Dr. Ottey renewed and continued Plaintiff's medication. Id., pp. 345-350, 353. Plaintiff was again examined by Dr. Ottey on April 12, 2012. As a result of the examination Ottey increased Plaintiff's dosage of Elavil and the dosage of Meloxicam could be increased in two weeks if the increased Elavil dosage did not help. Id., & ECF No. 20, Ex. 1, p. 13. He also ordered Plaintiff not to lift weighty or heavy objects and directed he follow up in one month. Id., ECF No. 13, Ex. A, Ex. B, pp. 268-70.

Plaintiff was again seen by Dr. Ottey on May 13, 2012. He appeared in no apparent distress. Dr. Ottey ordered Plaintiff's medication continued. He also ordered Plaintiff retuned to a regular diet, as tolerated, after noting that Plaintiff has suffered from bouts of diarrhea and vomiting. Id., pp. 400-401.

On May 25, 2012, Plaintiff reported to Dr. Ottey, that he was "okay right now. I only have my normal pain in the groin and across my back. It's a 6/10 and is quite tolerable for me." Id., p. 451.

Plaintiff was evaluated by Dr. Joubert on May 28, 2012, regarding his complaint of low back pain. She ordered he continue Meloxicam and Baclofen. Id., pp. 467-8.

On June 8, 2012, Plaintiff again complained of low back pain. Dr. Ottey continued his medications, including Baclofen and Meloxicam. Id., pp. 479-480. Plaintiff was seen by Dr. Joubert on June 12, 2012. Id., p. 481. It was noted that Plaintiff's previous x-rays revealed "mild degenerative changes with osteophytes at nearly all levels." Id. At that time Plaintiff was provided a back brace, back pain sheet and exercise program, and it was noted that Plaintiff agreed with continuing to receive Meloxicam. Id.

On July 7 and 15, 2012, Plaintiff was evaluated by Dr. Ottey. Medications, including Baclofen and Meloxicam were continued. Plaintiff was directed not to lift heavy weights. Plaintiff indicated his current back pain was from jumping from a hospital bed. Id., pp. 488-491, 498.

Plaintiff states that he did not receive Meloxicam, a non-formulary narcotic, from July 2012 through October 2012. He states that while his physicians prescribed the medication, they failed to follow the proper procedures to insure the medication was ordered and distributed to him. ECF No. 17. Plaintiff further indicates that his prescription for Tramadol was discontinued from March 28, 2012 to May 24, 2012, due to Dr. Joubert's unfounded belief that he was hoarding medication. Id.

Plaintiff was again evaluated on October 13, 2012. It was noted that Meloxicam would be ordered after Plaintiff advised the provider that had not received Meloxicam that was previously ordered. Plaintiff's Baclofen prescription was also renewed. ECF No. 20, Ex. 1, p. 22.

**Standard of Review**

A.   Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 562. The court need not, however, accept unsupported legal allegations, see Revene v. Charles County Comm'rs., 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing a complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005); Ibarra v. United States, 120

F.3d 472, 473 (4th Cir. 1997); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Migdal v. Rowe Price-Fleming Int'l Inc., 248 F.3d 321, 325-26 (4th Cir. 2001); see also Swierkiewicz v. Sorema *N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. Id. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." Id. 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

6

B.  Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not

7

himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." Id. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

A.  Sovereign Immunity

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. See Penhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, see Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's Complaint against the State Defendants, agencies within the State of Maryland, is barred by the

Eleventh Amendment.

B.  Respondeat Superior

Even if Plaintiff had named individual correctional employees, his claim would nonetheless fail.[2] Section 1983 liability on the part of the supervisory correctional defendants requires a showing that: "(1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) (internal citations omitted); see also Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984) (supervisory liability for an inmate's beating by prison guards). Plaintiff has failed to satisfy such a claim. There is simply no evidence that any correctional employees failed to provide needed medical care, interfered with the provision of same, or were tacitly indifferent to a constitutional violation.

C.  Denial of Medical Care

In order to state a claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a

---

[2] Thus, the Court need not address State Defendants' contention that Plaintiff failed to exhaust administrative remedies.

serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The subjective component requires "subjective recklessness" in the face of the serious medical condition. Farmer, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." Rich v. Bruce, 129 F.3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" Brice v. Virginia Beach Correctional Center, 58 F.3d 101, 105 (4th Cir. 1995), quoting Farmer, 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. Brown, 240 F.3d at 390; citing Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken). Further, "[d]isagreements between an inmate and a physician over the inmate's proper care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Plaintiff's allegation that he was not provided necessary medical treatment for his back pain is belied by the record. The evidence before the Court demonstrates that Plaintiff has received constitutionally adequate medical care. Plaintiff has been evaluated regularly regarding his pain. X-rays taken to identify the source of Plaintiff's back pain, revealed moderate

degenerative disk disease with osteophytes, i.e. bone spurs. He has regularly been provided pain medication, anti-inflammatories, and muscle relaxers.[3] He has also been provided a back brace, educational materials, and an exercise program to treat his back pain. ECF No. 13, Ex. A. Plaintiff's disagreement with a course of treatment does not provide the framework for a federal civil rights complaint. See Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). In granting summary judgment to the Medical Defendants, the Court does not imply that Plaintiff is not entitled to medical treatment for his serious condition. The right to treatment, however, is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable.*" Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir.1977) (emphasis added). "Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849(4th Cir. 1985), citing Gittlemacker v. Prasse, 428 F.2d 1, 6 (3rd Cir. 1970). There are no exceptional circumstances in this case. Plaintiff has been evaluated repeatedly and provided appropriate tests, therapies, and analgesic medication. Even if true -- which it is not -- the allegation that the Medical Defendants provided inappropriate treatment states nothing more than a claim of

---

[3] Even if Plaintiff's claim that at times he has not received all of the medication prescribed is true, he has failed to demonstrate that the named medical defendants were responsible for that failure and thus deliberately indifferent to his serious medical need.

Moreover, Plaintiff's claim is contradicted by the medical records which indicate that during the time at issue he received Baclofen (a muscle relaxer), Indomethacin (an anti-inflammatory and pain reliever), Ultram/Tramadol (a narcotic pain reliever), and Acetaminophen, (an anti-inflammatory and pain reliever) regularly. ECF No. 13, Ex. B, pp. 152, 176, 177, 179, 181, 191, 193, 195, 199, 203, 205-209, 211, 215, 219, 221, 224-225, 229, 233, 235, 237, 241. Further, the records reflect that on March 31, 2012 and April 24, 2012 he was dispensed 30 tablets of Meloxicam and that while it was a non-formulary medicine it had been approved and he had been provided same. Id., pp. 177, 211.

medical malpractice and negligence.[4]  "[A]n inadvertent failure to provide adequate medical care does not amount to deliberate indifference."  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  Mere negligence or malpractice does not rise to a constitutional level.  See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Donlan v. Smith, 662 F.Supp. 352, 361 (D. Md. 1986).  Accordingly, the Medical Defendants are entitled to summary judgment as to Plaintiff's Eighth Amendment claim.

For the reasons stated, summary judgment is granted in favor of Defendants.  A separate Order shall be entered in accordance with this Memorandum.

May 1, 2013                                                                  /s/
                                                                     _____
                                                                     George L. Russell, III
                                                                     United States District Judge

---

[4] Under Maryland law, a claim of medical malpractice could proceed only after complete review before the Maryland Health Claims Arbitration Board.  See Md. Code Ann., Cts. & Jud. Proc., § 3-2A-01 et seq.; see also Davison v. Sinai Hospital of Balt. Inc., 462 F.Supp. 778, 779-81 (D. Md. 1978); Group Health Ass'n, Inc. v. Blumenthal, 295 Md. 104, 114 (1983).  There is no demonstration that Plaintiff has sought or completed such review.  This Court declines jurisdiction over these state court claims, and dismisses them without prejudice.  See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U. S. 715, 726 (1966).